LUNSFORD DOLE PHILLIPS #4407
7 Waterfront Plaza, Suite 400
500 Ala Moana Blvd.
Honolulu, Hawaii 96813
lunsfordp001@hawaii.rr.com
Telephone: (808) 543-2055
Fax: 543-2010

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRYCE MACNAUGHTON | ) | CIVIL NO. |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S COMPLAINT; |
| vs. | ) | SUMMONS |
| | ) | |
| DFS GROUP L.P. | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff BRYCE MACNAUGHTON, through his undersigned counsel, avers and alleges:

1. This Court has original jurisdiction under 28 U.S.C. § 1331 because a federal question is raised herein, namely the alleged violation of the Americans With Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. §§ 12101 et seq., and has pendant jurisdiction over the parallel state law claim.

2. All events material hereto occurred within the District of Hawaii.

3. Plaintiff was and is a person with a disability being substantially limited in his mobility due to orthopaedic problems making him susceptible to falling without warning. Plaintiff has additional physical and non-physical conditions that qualify him as disabled under federal and state law.

4. Defendant DFS GROUP, L.P. does business in Hawaii under the name of "T Galleria," engaged in the rental of retail sales space. Defendant is a public accommodation, operating a place of public accommodation, namely the T Galleria shopping mall on Kalakaua Ave. in Waikiki.

5. On December 29, 2014, Plaintiff was shopping the post-Christmas sales at the shopping mall. He was accompanied by his service animal, a dog trained to assist him when he has fallen.

6. Plaintiff's service animal was a medium-sized dog, weighing approximately 50 lbs. The dog was too heavy for Plaintiff to carry.

7. While proceeding through mall's center walkway Plaintiff was accosted by a security guard.

8. The guard, apparently an employee or agent of the Defendant, ordered Plaintiff to pick up and carry his dog or leave the premises immediately.

9. Plaintiff explained to the guard that his dog was a service animal and that he could not comply because his dog was too heavy for him to carry.

10. Attempting to avoid just this kind of confrontation, Plaintiff had ensured his service animal wore a special vest designed for and marked as being for service animals.

11. Plaintiff quietly explained to the guard that a dog that is a service animal is allowed in public places like the mall.

12. The guard seemed disinterested in learning about the exception to policies restricting animals' presence in public places, insisting vociferously that he leave immediately or face arrest.

13. Plaintiff tried to show the guard documents Plaintiff had obtained to show his dog was a service animal.  But the guard became openly hostile, making Plaintiff become fearful of his well-being.

14. The guard ordered Plaintiff to remain exactly in his present location, while the guard called the police.

15. The guard's disruptive behaviour apparently attracted the notice of other customers because Plaintiff saw that he had become the center of the other customers' attention.

16. Plaintiff was embarrassed to be ejected from the mall in such a publically humiliating fashion.

17. Plaintiff was angry that Defendant's employee/agent was so uninformed and untrained about service animal law.  Plaintiff was also angry that the Defendant's employee/agent was unwilling to accept the information about that law and his animal offered by Plaintiff, a refusal that resulted in Defendant's alleged discrimination.

18. Upon the arrival of the police Plaintiff was given a citation for trespassing, banning him from Defendant's place of public accommodation.  Plaintiff was then escorted under police custody out of the mall.

19. On December 29, 2014, Plaintiff alleges the Defendant denied him the full and equal enjoyment of its goods, services and facilities by denying him a reasonable accommodation to the "no animals

allowed" policy the Defendant obviously permitted this store to follow.

20. In so doing the Defendant violated 42 U.S.C. § 12182(a) and Hawaii Revised Statutes §§ 489-3 and 489-5.

21. To remedy Defendant's violations of these fundamental civil rights laws Plaintiff requests equitable relief in the form of effective, immediate and continuing training of Defendant's employees at all of its retail locations in the District of Hawaii on the applicable civil rights laws.

22. To compensate Plaintiff for the Defendant's unlawful deprivation of his civil rights and the consequential non-physical injuries to him proximately caused by the Defendant's employee, Plaintiff requests the full compensatory damages provided for by Hawaii Revised Statute § 489-7.5.

23. Plaintiff has exhausted his administrative relief by timely filing a charge of public accommodation discrimination, PA-0-0816, with the Hawaii Civil Rights Commission, and receiving his Right-To-Sue notice.

24. This lawsuit is now timely filed.

DATED: Honolulu, Hawaii, 10/10/15.

/s/  LUNSFORD DOLE PHILLIPS
      Attorney for Plaintiff